UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:                                                                   CASE NO.: 22-30145
                                                                                   CHAPTER 13

**KEVIN LEONARD MANIGO,**

**DEBTOR.**

_____/

## **OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

      Comes now U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association ("Secured Creditor"), by and through its undersigned counsel, and objects to confirmation of Debtor's Chapter 13 Plan filed February 2, 2022 (Docket No. 12), stating as follows:

1. Kevin Leonard Manigo ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on January 19, 2022 as 22-30145-KLP.

2. Secured Creditor holds a security interest in the Debtor's real property located at 10109 Stanley Court, Spotsylvania, VA 22553 ("the Property"), by virtue of a Deed of Trust recorded among the Public Records of Spotsylvania County, VA. Said Mortgage secures a Note in the original principal amount of $210,900.00.

3. The filing of the instant bankruptcy case occurred on the eve of a scheduled foreclosure sale for the Property which was set to take place on January 20, 2022 and was cancelled as a result thereof.

4. The Debtor filed his original Chapter 13 Plan on February 2, 2022 ("the Plan").

5. The Plan fails to include any adequate protection payments to Secured Creditor on its lien as required by 11 U.S.C. § 361 and seeks to give Debtor six months during which to sell the Property.

6. The Plan is speculative and not feasible as required under 11 U.S.C. § 1325(a)(6), as it relies on the future sale of the home as the only source of funds, and there is no indication

the Property has been listed for sale or that any substantial steps towards the sale of the home have occurred which would reflect upon the likelihood of sale consummation.

7. Upon information and belief, Debtor does not actually have any disposable income to contribute to the Plan and thus is not eligible to be a Chapter 13 Debtor. Debtor personally signed the Note and Deed of Trust for the Property but signed Schedule J under penalty of perjury indicating **"$0.00"** as the "rental or home ownership expenses for your residence" which expressly directs him to "include first mortgage payments." Debtor similarly declared no real estate taxes, insurance, or home repair expenses so as to artificially manufacture a positive monthly net income of $6.67 per month to appear eligible for a Chapter 13 Plan when Debtor should really be in a Chapter 7 liquidation. These factors, coupled with the filing of the bankruptcy case on the eve of a foreclosure sale, indicate Debtor has not met his burden of proving that his bankruptcy case and Plan were filed in good faith as required by 11 U.S.C. §§ 1325(a)(3) and (a)(7).

8. Debtor's schedules include a second home, a recreational vehicle, a luxury automobile, and motorcycle he intends to keep while making $0.00 in payments towards Secured Creditor's lien on his primary residence. Debtor's loan is contractually due for the June 1, 2019 payment, which has forced (and will continue to force) Secured Creditor to make real estate tax and hazard insurance advances on the Property to protect its interests.

9. It is anticipated that Secured Creditor's claim will show the pre-petition arrearage due Secured Creditor is $41,443.81 on a total debt claim of approximately $186,261.28. Secured Creditor objects to any plan which proposes to pay it anything less than these amounts to which it is entitled under 11 U.S.C. § 1325(a)(5)(B)(ii).

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny confirmation of Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

By: /s/ Brandon R. Jordan
Brandon R. Jordan, Esquire
Virginia Bar Number 72170

22-008717
MANIGO, KEVIN
Objection to Confirmation
Page 2

Email: bjordan@raslg.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 16, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Via U.S. Mail:

KEVIN LEONARD MANIGO
10109 STANLEY CT
SPOTSYLVANIA, VA 22553

Via CM/ECF electronic notification:

THE LAW OFFICE OF HENRY MCLAUGHLIN, P.C.
EIGHTH AND MAIN BUILDING
707 EAST MAIN STREET, SUITE 1050
RICHMOND, VA 23219

CARL M. BATES
P. O. BOX 1819
RICHMOND, VA 23218

JOHN P. FITZGERALD, III
OFFICE OF THE US TRUSTEE - REGION 4 -R 701 E. BROAD STREET, STE. 4304
RICHMOND, VA 23219

Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 470-321-7112
Facsimile: 561-997-6909

By: /s/ Brandon R. Jordan
Brandon R. Jordan, Esquire

Virginia Bar Number 72170
Email: bjordan@raslg.com